IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| KENYA ROSHAY GREEN, | ) | |
| | ) | |
| Plaintiff,[1] | ) | |
| | ) | |
| v. | ) | CV 621-093 |
| | ) | |
| SCREVEN COUNTY COMMISSIONER'S | ) | |
| OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Screven County Jail in Sylvania, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.  Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).   The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary

---

[1]Consistent with the amended complaint and the fact Kenya Roshay Green was the only individual to ever sign the original and amended complaints, the Court **DIRECTS** the **CLERK** to update the docket to reflect Mr. Green is the only Plaintiff.

relief from a defendant who is immune to such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b).  After a review of Plaintiff's amended complaint and prior history of case filings,

the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.      BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply

with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134,

§§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires

frequent filer prisoners to prepay the entire filing fee before federal courts may consider their

lawsuits and appeals."  <u>Rivera v. Allin</u>, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations

omitted), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007); <u>see also</u>

<u>Lomax v. Ortiz-Marquez</u>, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its

terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  The

Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an

inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to

due process of law, or an inmate's right to equal protection.  <u>Rivera</u>, 144 F. 3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)"

requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state

or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 6-2, pp. 23-24.)  Under the question concerning whether a prisoner plaintiff has brought any lawsuits otherwise relating to the conditions of his imprisonment, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id. at 24.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

## II.      DISCUSSION

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff stated he had not filed any other cases in state or federal court otherwise relating to the conditions of his imprisonment.  (Id. at 23-24, 25.)  However, the Court is aware of at least three other cases Plaintiff filed related to his imprisonment:  (1) Green v. McDuffie, CV 417-085 (S.D. Ga. May 15, 2017); (2) Green v. Wilhoite, CV 414-184 (S.D. Ga. Aug. 18, 2014); and (3) Green v. Kile, CV 605-129 (S.D. Ga. Nov. 10, 2005).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint.  In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy.  In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho.  As a

3

sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731.

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id. The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044, 2011 WL 2462017 (S.D. Ga. May 16, 2011), *adopted by* 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

## III.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be

**DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 1st day of March, 2022, at Augusta,

Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA